UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

DANNY GONZALEZ,

                                             Plaintiff,

                -against-

THE CITY OF NEW YORK; COMMISSIONER
RAYMOND W. KELLY; SUPERVISOR P.O. JOHN DOE
# 1, and P.O. JOHN DOES # 1-2; the individual defendants
sued individually and in their official capacities,

                                     Defendants.

------------------------------------------------------------------------X

**COMPLAINT**

08 CV 4897 (RPP)

ECF Case

<u>Jury Trial Demanded</u>

## <u>PRELIMINARY STATEMENT</u>

        1.      This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  The claims arise from an incident(s), which occurred on or about December 19, 2006.  During the incidents, the City of New York and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, excessive force, assault and battery, unlawful search and seizure, denial of medical treatment, intentional and negligent infliction of emotional distress, conspiracy, harassment, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.  Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the

First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is conferred upon this Court by the aforesaid statutes and 28

U.S.C. §§ 1331 and 1343.

4.      Venue is proper in the Southern District of New York pursuant to 28

U.S.C. § 1391 because some of the acts in question occurred in New York County, and the City

of New York is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5.      Plaintiff Danny Gonzalez is a resident of the state of New York, Oneida

County.

6.      Defendant City of New York is a municipal corporation organized under

the laws of the State of New York, which violated plaintiff's rights as described herein.

7.      Defendant Raymond W. Kelly is the Commissioner of the NYPD who

violated plaintiff's rights as described herein.

8.      Defendant Supervisor P.O. John Doe # 1 is a New York City Police

Supervisor employed with the 34th Precinct located in New York, New York who violated

plaintiff's rights as described herein.

9.      Defendant P.O. John Does # 1-2, are New York City Police Officers,

employed with the 34th Precinct located in Brooklyn, New York who violated plaintiff's rights as

described herein.

10.     The individual defendants are sued in their individual and official

capacities.

2

**STATEMENT OF FACTS**

11.     The following is a summary set forth for the purpose of demonstrating, and providing notice of plaintiff's claims against the defendants.  Plaintiff has not set forth each and every fact concerning the incident(s) described below.

12.     On December 19, 2006, at and in the vicinity of Dykman Street and 200th Street, New York, New York, police officers assigned to the 34th Precinct located in New York, New York, including upon information and belief, defendants P.O. John Does # 1-2, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiff.

13.     On December 19, 2006, at and in the vicinity of Dykman Street and 200th Street, New York, New York, police officers assigned to the 34th Precinct located in New York, New York, including upon information and belief, defendants P.O. John Does # 1-2, at times acting in concert and at times acting independently, without either an arrest warrant, or a search warrant, arrested plaintiff.

14.     Once defendants approached plaintiff, plaintiff was not free to disregard the defendants' questions, walk way or leave the scene.

15.     During the arrest of plaintiff, defendants P.O. John Does # 1-2 handcuffed plaintiff in excessively tight handcuffs, and then maliciously, gratuitously, and unnecessarily punched plaintiff in the face, causing him to fall to the ground, then repeatedly struck plaintiff about the face and body before dragging him to a police vehicle by the handcuffs.  Plaintiff was injured as a result of these acts.  Those defendants who did not touch plaintiff witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

16.    Thereafter, the defendants P.O. John Does # 1-2 brought plaintiff to the 34th Precinct in New York, New York, where they denied plaintiff medical care despite his repeatedly complaints and requests for medical care, and visible injuries, before plaintiff was finally able to convince other officers to summons an ambulance to take plaintiff to Harlem Hospital.

17.    After being examined and receiving an appointment at the surgical clinic for his left arm, plaintiff was transported back to the 34th Precinct where he encountered P.O. John Doe # 1 who threatened plaintiff with violence, if he did not hand over all his clothes to the defendant.  Plaintiff complied with the unlawful order.

18.    About this time, plaintiff saw officers who were assigned to the Internal Affairs Division, who interviewed individuals, interviewed plaintiff, showed plaintiff a line-up of the suspect officers, photographed plaintiff and assigned the case # 06-43138.

19.    Defendant Supervisor P.O. John Doe # 1 supervised P.O. John Does # 1-2 in the above-detailed unlawful conduct.

20.    The aforesaid events are not an isolated incident.  Defendants Commissioner Raymond W. Kelly and Supervisor P.O. John Doe # 1 have been aware (from lawsuits, notices of claim and complaints) that many of the NYPD's officers are insufficiently trained on the proper way to use force and provide medical care.  Commissioner Kelly and Supervisor P.O. John Doe # 1 are further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, Commissioner Kelly and Supervisor P.O. John Doe # 1 have failed to take corrective action.   This failure caused the officers in the present case to violate the plaintiff's civil rights.

4

21.     Moreover, Commissioner Kelly and Supervisor P.O. John Doe # 1 were aware prior to the incident that the defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, Commissioner Kelly and Supervisor P.O. John Doe # 1 have retained these officers, and failed to adequately train and supervise them.

22.     Plaintiff did not resist arrest at any time during the above incidents.

23.     As a result of defendants' actions plaintiff experienced personal and physical injuries (including a fracture, bruises, contusions, and lacerations), pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

## FEDERAL CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

24.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

25.     The conduct of defendant officers, as described herein, amounted to excessive force, assault and battery, unlawful search and seizure, denial of medical treatment, intentional and negligent infliction of emotional distress, conspiracy, harassment, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

26.     The conduct of the defendant officers, as described herein, violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, by committing excessive force, assault and battery, unlawful search and seizure, denial of medical treatment, intentional and

5

negligent infliction of emotional distress, conspiracy, harassment, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

27.    Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

28.    Defendants acted recklessly to deprive plaintiff of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

29.    Defendants acted negligently to deprive plaintiff of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

30.    As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

31.    The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

**FEDERAL CLAIMS AGAINST DEFENDANT KELLY**

32.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

33.     Defendant Raymond W. Kelly is liable, in his official capacity, to plaintiff because: (1) he created and allowed to continue a policy or custom under which unconstitutional practices occurred, (2) he was grossly negligent in supervising subordinates who committed the wrongful acts, and (3) he exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

34.     Upon information and belief, defendant Kelly was aware from notices of claim, lawsuits, complaints, and the NYPD's own observations that the officers sued in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

35.     Nevertheless, defendant Kelly exercised deliberate indifference by failing to take remedial action.

36.     The aforesaid conduct by defendant Kelly violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, by failing to re-train the defendant subordinate officers, failing to adequately discipline the defendant subordinate officers, failing to adequately investigate prior complaints against the defendant subordinate officers either at the facilities where the incidents occurred and/or at his Headquarters located in New York, New York, and creating a culture where officers are encouraged to ignore, harass, assault and violate those who question their authority, and acting in a manner which amounted to negligent hiring, training, monitoring and retention of incompetent employees.

7

37.    As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal injuries, pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

38.    The aforesaid conduct of defendant Kelly amounted to negligent hiring, training, monitoring and retention of incompetent employees.

### FEDERAL AGAINST THE CITY OF NEW YORK

39.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

40.    The City of New York directly caused the constitutional violations suffered by plaintiff.

41.    Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from the NYPD's own observations, that the officers involved in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

42.    Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City of New York failed to properly train, re-train, supervise, discipline, monitor, and improperly utilized and retained these officers.   Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where officers can ignore, harass, assault and violate individuals without consequence.  Indeed, when individuals file complaints against officers, the City has a practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

43.     The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

44.     Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

c.     Costs, interest and attorney's fees; and

d.     Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:     New York, New York
            May 27, 2008

                          MICHAEL O. HUESTON, ESQ.
                          *Attorney for Plaintiff*
                          350 Fifth Avenue, Suite 4810
                          New York, New York 10118
                          (212) 643-2900
                          mhueston@nyc.rr.com
                          By:

                          _____
                          MICHAEL O. HUESTON (MH-0931)