UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DANNY GONZALEZ,

                                           Plaintiffs,

-against-

THE CITY OF NEW YORK; COMMISSIONER
RAYMOND W. KELLY; SUPERVISOR P.O. JOHN
DOE#1 and P.O. JOHN DOES #1 -2; the individual
defendants sued individually and in their official capacities,

                                           Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND COMMISSIONER KELLY**

08 Civ. 4897 (RPP)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendants City of New York ("City"), and Commissioner Raymond W. Kelly ("Kelly"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

        5.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that the City of New York is a municipal corporation existing under the laws of the State of New York.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that defendant Kelly is the Commissioner of the New York City Police Department.

8. Deny the allegations set forth in paragraph "8" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the identity of "Supervisor P.O. John Doe #1."

9. Deny the allegations set forth in paragraph "9" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the identities of "Police Officer John Does # 1-2."

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff purports to sue the individual defendants as stated therein.

11. The allegations set forth in paragraph "11" do not constitute averments of fact, and as such, no response is required.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff was arrested on or about December 18, 2006.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff was transferred to Harlem Hospital at some point in time following his arrest.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendants repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32 of the complaint, defendants repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the complaint and all its subparts.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

56. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

57. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

58. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

60. Plaintiff provoked any incident.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

62. The actions of any officers involved were justified by probable cause and/or reasonable suspicion.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

63. Defendant Kelly has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

64. At all times relevant to the acts alleged in the complaint, defendant Kelly acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

65. Punitive damages cannot be recovered as against the City of New York.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

66. At all times relevant to the incident, defendant City and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

67. Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

67. Plaintiff's claims may be barred in whole or in part by doctrines of *res judicata* and/or collateral estoppel.

**WHEREFORE,** defendants request judgment dismissing the Complaint, as against them with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            August 18, 2008

                MICHAEL A. CARDOZO
                Corporation Counsel of the
                  City of New York
                Attorney for Defendants
                100 Church Street
                New York, New York 10007
                (212) 788-1298

                By:        /S/
                      Douglas W. Heim
                      Assistant Corporation Counsel

To:     Michael Hueston, Esq. (By ECF)
        Attorney for Plaintiff
        350 Fifth Avenue, Suite 4810
        New York, NY 10118

Docket No. 08 Civ. 4897 (RPP)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |

| |
|---|
| DANNY GONZALEZ,<br><br>                                        Plaintiffs,<br><br>                -against-<br><br>THE CITY OF NEW YORK; COMMISSIONER RAYMOND W. KELLY; SUPERVISOR P.O. JOHN DOE#1 and P.O. JOHN DOES #1 -2; the individual defendants sued individually and in their official capacities,<br><br>                                        Defendants. |

| |
|---|
| **ANSWER TO COMPLAINT** |

| |
|---|
| ***MICHAEL A. CARDOZO***<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street*<br>*New York, N.Y.  10007*<br><br>*Of Counsel: Douglas Heim*<br>*Tel:  (212) 788-1298* |

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................................ ,2008*

*................................................................ Esq.*

*Attorney for .......................................................*